SMITH BROS. & CO. et al. *v.* STEPHEN R. THOMPSON.

**Removal of Causes to Federal Court — Jurisdiction of State Court.**

The State court in which an application for the removal of a cause to the Federal court is made, has no jurisdiction of the matter after the motion to remove is made and a compliance by the party asking the transfer, with the Act of Congress regulating the transfer of causes to the Federal court. Anything done thereafter is *coram non judice.*[1]

---

1

Where a cause has been removed, on petition, to the Federal court, and by that court remanded to the State court, and the question of the right of removal is left in doubt, the action of the Federal court in remanding the cause will be accepted as correct. Hill, Fontaine & Co. *v.* Bloom, Goldsmith, Tachan & Co., 1 Miss. Dec. 385.

A non-resident, sued in a State court for a sum exceeding $500, is entitled, under the Act of Congress, upon compliance with the terms thereof, to have the cause transferred from the State court to the next term of the

Chas. Cruzat executed his promissory note to Smith Bros. & Co. for $1,000 and secured it by giving a deed of trust on some property in Scranton, Miss. After this, some of Cruzat's creditors attached him and secured judgments against him, and the property on which he had given the deed of trust to Smith Bros. & Co. was levied on and sold under execution. Stephen R. Thompson, a citizen of the State of Mississippi, bought the property. Smith Bros. & Co. assigned their note and deed of trust to Redie & Co., citizens of New Orleans, La. The parties who held the note were about to sell the property under the deed of trust when Stephen R. Thompson filed his bill in the Chancery Court of Jackson county, Mississippi, against Cruzat, Smith Bros. & Co., and Redie & Co., to enjoin the sale, charging that the note given by Cruzat to Smith Bros. & Co. was simulated and intended to defraud creditors of Cruzat.

Smith Bros. & Co. and Redie & Co., who were citizens of New Orleans, filed their petition to have the cause removed to the Circuit Court of the United States for the Southern District of Mis-

United States Circuit Court to be held for the district in which the State court is held; and if an application be made for such transfer, it will be error to refuse it, and the applicant need not apply for a mandamus to enforce it, but may have a writ of error to the high court. Hill *v.* Henderson, 6 S. & M. 351.

But if on remanding the cause to the court below, the applicant neglects to give the bond as required by the Act of Congress, the State court will still have jurisdiction to go on and try the case. 13 S. & M. 688.

The State court in which an application for the removal of a cause to the Federal court is made, must decide, in the first instance, whether it will proceed further with the case, and should not pause in it unless satisfied that the application conforms to the Federal statute. The ultimate decision of this question rests with the Federal court. If that court should refuse to take cognizance of the cause, it must, after such refusal, be proceeded with in the State court as a pending cause. Jackson *v.* Railroad Co., 58 Miss. 648.

It is proper to refuse an application to remove a cause to the Federal court on the ground of diverse citizenship, where the petition does not show that either party is a citizen of this State. Insurance Co. *v.* McGuire, 52 Miss. 227; Insurance Co. *v.* Green, 52 Miss. 332.

Under section 737, United States Revised Statutes, a non-resident who is interested in an equity suit in the Federal court may come in and submit to the jurisdiction. If he does not do this, and is not otherwise made a party, his rights are not concluded by the decree. To be made a party, the record must show it, mere knowledge of the suit and employment of counsel being insufficient. McPike *v.* Wells, 54 Miss. 136.

sissippi, and tendered a bond in the proper form and made a motion for an order of removal, which the court refused. The cause proceeded to final hearing, and a decree was rendered for the complainant, from which the defendants appealed.

APPEALED from Chancery Court, Jackson county, GEO. WOOD, Chancellor.

Reversed and remanded, March 6, 1882.

*Attorneys for appellant, W. P. & J. B. Harris.*

*Attorney for appellee, L. Brame.*

Brief of W. P. & J. B. Harris:

One Cruzat, a resident of the town of Scranton, in this State, made a promissory note payable to Smith Bros. & Co., of New Orleans, for $1,000, securing the same by a trust deed upon cer-

A case based entirely on State laws *held* not removable to the Federal courts, though it may suggestively state defenses involving Federal questions. Y. & M. V. R. R. *v.* Adams, 32 So. 937.

In a suit against two defendants, one a resident and the other a non-resident of the State, in the absence of a showing that the resident defendant was joined merely for the purpose of defeating Federal jurisdiction:

(*a*) The question whether a separable controversy exists between the plaintiff and the non-resident defendant, and the right of said defendant predicated thereof, to remove the cause to the Federal court, will be determined from the averments of the declaration; and

(*b*) If the declaration fails to show a separable controversy, the granting, at the close of the evidence, of a peremptory instruction to the jury for the resident defendant, does not entitle the non-resident then to remove the cause to the Federal court. I. C. R. R. *v.* Harris, 85 Miss. 15; 38 So. 225.

The diverse citizenship which must exist both at the time an action is begun in the State court and at the time a petition for removal is filed, in order to entitle the petitioner to have the cause removed, is a diversity of citizenship existent in fact, and not one merely shown to exist from the pleadings. Day *v.* Oatis, 85 Miss. 128; 37 So. 559.

Where a suit to remove a cloud from complainant's title is brought against a resident and a non-resident, and the resident disclaims interest, thereby retiring from the suit, the non-resident may procure the removal of the cause to the Federal court. Day *v.* Oatis, 85 Miss. 128; 37 So. 559.

A petition for the removal of a cause to the United States court, filed after it has been reversed on appeal, comes too late. Y. & M. V. R. R. *v.* Adams, 77 Miss. 194; 28 So. 956.

tain property in the town of Scranton. Afterwards Smith Bros. & Co., for valuable consideration, assigned the note and trust deed to Redie & Co., of the city of New Orleans.

In the meanwhile certain creditors of Cruzat sued out attachments against him, and obtained judgments, and the property conveyed in the trust deed was advertised for sale under execution. The sale took place, and Stephen R. Thompson became the purchaser, taking the property subject to the deed in trust. Afterwards the trustee in the deed was about to sell the land to pay the note held by Redie & Co., when Stephen R. Thompson filed his bill in the Chancery Court of Jackson county to enjoin the sale, alleging fraud, etc., and claiming that the note given by Cruzat to Smith Bros. & Co. was intended to defraud Cruzat's creditors; that at the time it was given Cruzat really owed Smith Bros. & Co. nothing, but had since received from them in the way of money and supplies about the sum of $504.20; that when complainant bought at the execution sale, it was upon the understanding that only $504.20 was due; that he had tendered that sum, and Redie & Co. had refused it, and that it was all that was due them, and asked that they be compelled to take that amount in satisfaction of their claim, and be enjoined from further proceeding under the deed in trust.

Cruzat, Saxon the trustee, Redie & Co., and Smith Bros. & Co., were made parties defendant, all of whom, with the exception of Cruzat, are, and were at the time the bill was filed, residents and citizens of the city of New Orleans, State of Louisiana, and filed their petition to have the cause removed to the Circuit Court of the United States for the Southern District of Mississippi, and tendered bond in proper form and made a motion for an order of removal, which the court refused. The cause proceeded to final hearing, and a final decree was rendered for the complainants.

We deem it wholly unnecessary to discuss the question as to whether the courts should have granted the order of removal, but refer the court to Dillon on Removal of Causes, 3d ed., ch. 17, p. 91, and cases cited.

The proceeding of the Chancery Court subsequent to the petition for removal were *coram non judice,* and the case must be reversed by this court. The bond and petition for removal are in strict conformity with the requirements of the Act of March 3, 1875, U. S. Stat. L.

Cruzat, the debtor, was a resident of this State, but he had no interest in the result of the controversy. The other defendants, parties interested, were all residents of Louisiana. See 12 Otto, 135.

Brief of L. Brame:

I apprehend that the decree in this case cannot be reversed on the merits, for it is correct.

I agree, however, that it was error to refuse a removal of the case to the Federal court. If this is true, the decree and all proceedings subsequent to the application for removal were *non coram judice.*

The question then is, whether an appeal lies. This question has been raised and is presented by the motion to dismiss.

If the decree is reversed on the ground that the cause was removed when defendants filed their petition and bond, appellee is desirous that the order should be so framed as not to prejudice his rights on the hearing of the cause in the Federal court.

OPINION.—PER CURIAM:

The decree in this case is reversed because the court below had no jurisdiction in the matter after the motion to transfer the case to the Federal court, and a compliance, by the party asking the transfer, with the requirements of the Act of Congress regulating the transfer of causes from the State to the Federal courts. Everything thereafter done in the State court was *coram non judice* and void.

*Decree reversed* and vacated and cause remanded with instructions to take no further action in it until the further order of the Federal court.